UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY RAY PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 23-CV-0355-CVE-JFJ |
| ) | |
| RANDY HARDING,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Bobby Ray Parker, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-1993-912. Respondent Randy Harding has moved to dismiss the petition, arguing that Parker failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Having considered the petition (Dkt. # 1), respondent's motion to dismiss (Dkt. # 9) and brief in support (Dkt. # 10), and Parker's response in opposition to the motion (Dkt. # 12), the Court grants respondent's motion and dismisses the petition with prejudice, as barred by the one-year statute of limitations.

I.   BACKGROUND

Parker was convicted by a jury on November 3, 1993, on two counts of robbery with a firearm, in violation of OKLA. STAT. tit. 21, § 801. Dkt. # 10-1, at 1; Dkt. # 10-4, at 2.[2] The state district court sentenced Parker to forty-five years of imprisonment for count 1 and ninety years of

---

[1] Parker presently is incarcerated at the Dick Conner Correctional Center, in Hominy, Oklahoma. The Court therefore substitutes Dick Conner Correctional Center's current warden, Randy Harding, in the place of David Buss, as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court's citations refer to the CM/ECF header pagination.

imprisonment for count 2. Dkt. # 10-1, at 1. Parker directly appealed his conviction and sentence, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on October 20, 1995. Id. Parker then filed an application for postconviction relief on June 28, 1999, which the state district court denied on August 20, 1999. Dkt. # 10-7; Dkt. # 10-8. Parker appealed the decision, but his petition in error was untimely and the OCCA therefore declined jurisdiction. Dkt. # 10-9. Parker applied for an out-of-time appeal to the denial of his application for postconviction relief, but this effort was likewise unsuccessful. Dkt. # 10-10; Dkt. # 10-11. Over two decades later, on January 11, 2023, Parker again sought postconviction relief. Dkt. # 10-16. The state district court dismissed the application on the bases that it was both time barred and procedurally barred, and the OCCA affirmed the decision on June 7, 2023. Dkt. # 10-17; Dkt. # 10-18.

Parker filed his federal habeas petition on August 16, 2023, alleging that (1) he was denied his right to trial counsel, (2) he was denied a fair trial because the prosecutor withheld exculpatory security camera footage in violation of Brady v. Maryland, 373 U.S. 83 (1963), (3) he was subject to a warrantless search and seizure, and the trial court therefore lacked jurisdiction, and (4) he received ineffective assistance of appellate counsel. Dkt. # 1, at 5, 7, 8, 10, 16-31.

II.     DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Parker contends that § 2244(d)(1) does not bar his petition because "[he] suffered structural error, jurisdictional defect, and [a] void judgment by being forced to proceed pro se," and these "errors require automatic reversal." Dkt. # 1, at 13; see Dkt. # 12, at 1-3. Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations. See Pacheco v. El Habti, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); Murrell v. Crow, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)).[3] The plain language of § 2244(d) makes no exception for the infirmities Parker alleges. See Owens v. Whitten, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022)

---

[3] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

3

("[N]o language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—supports that the one-year statute of limitations does not apply to judgments that are allegedly 'void' for lack of jurisdiction.").

### a. The Applicable Commencement Date

Parker does not expressly invoke 28 U.S.C. § 2244(d)(1)(B), (C), or (D), and his allegations fail to demonstrate entitlement to a commencement date under these provisions.[4] Under § 2244(d)(1)(A), the limitations period generally runs from the date on which the judgment became final. When, however, a conviction became final prior to the AEDPA's enactment, the one-year limitation period begins to run on the AEDPA's effective date, April 24, 1996. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001). In this case, the OCCA affirmed Parker's convictions and sentences on October 20, 1995. His convictions became final on January 18, 1996, upon the expiration of his time to seek a writ of certiorari from the United States Supreme Court. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (discussing finality of state court judgment when no petition for writ of certiorari is filed); Sup. Ct. R. 13.1 (providing ninety days to file petition for writ of certiorari). Because this date precedes the AEDPA's effective date, Parker's one-year limitation period began to run on April 24, 1996, and expired on April 24, 1997. Parker's August

---

[4] In support of his Brady claim, Parker alleges that the state suppressed exculpatory security camera footage. Dkt. # 1, at 7. Parker does not, however, argue that his discovery of the alleged evidence suppression implicates § 2244(d)(1)(D). Nor does he provide the date on which the discovery occurred. See Dkt. # 1, at 7, 21-22. Accordingly, the Court cannot conclude that § 2244(d)(1)(D) governs the timeliness of Parker's action. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that, while courts must liberally construe pro se litigants' pleadings, courts "cannot take on the responsibility of serving as the litigant's attorney in construing arguments and searching the record").

16, 2023, petition therefore is untimely absent statutory or equitable tolling or a showing of actual innocence.

      b.  Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitation period prescribed by the AEDPA. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Parker's applications for postconviction relief were filed after April 24, 1997. Accordingly, his postconviction proceedings do not serve to toll the limitation period.

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Parker has not argued that he is entitled to equitable tolling, and the record before the Court does not demonstrate such entitlement. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration omitted) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008))).

      c.  Actual Innocence Exception

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the "expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). This equitable exception, however, applies "to a severely confined category." Id. at 395. To prevail, the petitioner must "support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Though Parker alleges the existence of exculpatory security camera footage in support of his Brady claim, he does not expressly invoke the doctrine of actual innocence as a means of overcoming the AEDPA's statute of limitations. Nor has Parker presented the purported evidence to the Court. Parker's unsupported assertions regarding the existence of allegedly exculpatory evidence are insufficient to demonstrate a fundamental miscarriage of justice and excuse his failure to timely file his petition. See Bohon v. Oklahoma, 313 F. App'x 82, 84 (10th Cir. 2008) (noting that habeas petitioner "relie[d] on vague and conclusory statements and on excerpts from the trial transcript to support his assertion of actual innocence" and concluding the assertion of actual innocence was "unsupported by any new reliable evidence").

### III. CONCLUSION

Based on the foregoing, the Court grants respondent's dismissal motion (Dkt. # 9) and dismisses the petition, with prejudice, as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Randy Harding in place of David Buss as party respondent;

2. respondent's motion to dismiss (Dkt. # 9) is **granted**;

3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

4. a certificate of appealability is **denied**; and

5. a separate judgment of dismissal shall be entered in this matter.

**DATED** this 14th day of June, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE